NORTON v. ELLIOTT.    (No. 8476.)

(Court of Civil Appeals of Texas. Ft. Worth. March 25, 1916.)

MECHANICS' LIENS ⚖116 — PROCEEDINGS TO PERFECT—NECESSITY.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5621–5623, 5631, prescribing the method of fixing and securing a laborer's lien in advance on a building intended to be occupied as a homestead, where a laborer fails to take the means provided for securing a lien, he is not entitled to enjoin the contractor from delivering the building to the owner for occupancy to enable him to enforce his claim.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 160; Dec. Dig. ⚖116.]

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by Robert Elliott against W. E. Norton and another. From a judgment for plaintiff, defendant Norton appeals. Reversed, with directions to dismiss petition.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellant. Fitzgerald & Cox, of Wichita Falls, for appellee.

BUCK, J.    This is an injunction suit brought by appellee against appellant, alleging, in substance, the following facts: That R. T. Hammersley built a residence for appellant, defendant below, the contract price of which was $2,720; that Hammersley sublet to plaintiff the plumbing for said building, and, plaintiff having finished said job, there was still due him $234; that Hammersley, having completed said building, was about to turn the same over to the said Norton without satisfying the indebtedness due plaintiff. It was further averred on information and belief that the reason Hammersley had not paid plaintiff the amount claimed was that said Norton had not paid all of said contract price. It was further alleged that Norton did not have sufficient property, except the building in question, to satisfy the plaintiff's debt, and that, if Hammersley delivered to Norton said building, plaintiff would be unable to collect his debt; that Hammersley did not have sufficient property to satisfy plaintiff's debt. It was further alleged that:

"Plaintiff further sues to foreclose his laborer's lien on said property, and represents to the court that, if the defendant is allowed to move into said property and establish his homestead, then the plaintiff would be unable to foreclose his lien against said property. Wherefore the plaintiff prays for an injunction to restrain the said R. T. Hammersley from turning over said property to the defendant until the plaintiff's debt is fully paid, as provided in the contract between the defendant and the said Hammersley, and restraining the said W. E. Norton from moving into said property until the plaintiff's debt herein is paid, as is fully provided for in the contract between said contracting parties."

Upon the presentation of the petition for injunction to Hon. Harvey Harris, county judge of Wichita county, the following fiat was indorsed thereon, to wit:

"The foregoing prayer for injunction considered, it is ordered that the clerk of the county court of Wichita county, Tex., issue a writ of injunction in all things as prayed for in the above upon the petitioners executing to the defendant, Norton, a bond with two or more good and sufficient sureties, in the sum of five hundred ($500.00), conditioned as the law requires. [Signed by the judge.]"

Upon the execution and filing by the plaintiff of a bond in the sum of $500, the writ of injunction issued, directed to both Norton and Hammersley, and was served on each of them. Norton alone appeals, and has filed in the lower court his supersedeas bond in the sum of $500.

We are unable to understand upon what ground the county judge granted the writ. It is not alleged in plaintiff's petition that the defendant Norton owes plaintiff anything. If any cause of action is alleged as against Norton, it is a foreclosure of a subcontractor's lien upon real estate, of which action the county court would have no jurisdiction. Furthermore, it is not alleged that the statutory steps provided to fix such lien had been followed, and in fact the statement in the petition "that, if the defendant is allowed to move into said property and establish his homestead, then the plaintiff would be unable to foreclose a lien against said property," would seem to be tantamount to an allegation that the procedure required by statute to fix the lien had not been followed. If the house was erected as a homestead, defendant, Norton, being a married man, in order to fix and secure a lien upon the same, it would be necessary that a contract in writing be made and entered into prior to the furnishing of any material, or the performance of any labor, and executed by the owner and his wife in the manner required in making the sale of a homestead, as provided in article 5631, Vernon's Sayles' Texas Civil Statutes. If defendant, Norton, was not married, then the steps to be taken to fix the lien are provided in articles 5621, 5622, and 5623, as amended and added to in Acts of the Thirty-Fourth Legislature 1915, p. 223. Article 5623, as amended, and article 5623a provide for the execution of a written contract for the erection, repair, or improvement of a building, said contract to be filed with the county clerk of the county where the property is situated, and the execution and filing with the county clerk before the work is begun of a good and sufficient bond by the contractor, and further provides that suit may be filed on this bond "by the owner, subcontractor, workmen, laborers, mechanics, and furnishers of materials, or any of them, and they and each of them shall have the right to recover on said bond in the same manner as if the bond were made payable directly to them." And it is further provided in article 5623a that said bond "shall guarantee the payment of such claims, regardless of whether or not they are secured by any lien." But there is no allegation in the petition that the suit is on this bond or that any bond was ever executed, and in fact it is evident from the reading of the petition that no reliance is placed on the provisions of the 1915 statute.

If the plaintiff had fixed his lien as provided by law prior to the filing of this suit, the occupancy by the owner of the building would not impair such lien, and, if he had not fixed such lien, certainly he could not avoid the consequences of his failure by depriving the owner of the right to occupy the premises.

Finding no sound basis to support the action of the trial court in granting the writ, the judgment of the court below is reversed, and the court below is ordered to dismiss, at plaintiff's costs, the petition for injunction.